UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS  DIVISION

ALLSTATE INSURANCE COMPANY,    )
        Plaintiff,       )
                 )
    vs.              )      1:08-cv-022-JMS-DFH
                 )
KYLE LANDON, ALYSSA K. MARTIN,   )
SCOTT HERRING, AND SHARI  HERRING, )
        Defendants.     )

## OPINION AND ORDER

Presently before the Court are the fully briefed cross-motions for summary judgment filed

by Defendants Kyle Landon ("Kyle"), Alyssa K. Martin ("Alyssa"), Scott Herring ("Scott"), and

Shari Herring ("Shari") [Dkt. No. 27]; and by Plaintiff Allstate Insurance Company ("Allstate")

[Dkt. No. 28].[1]

## UNDISPUTED FACTS

In this case, Allstate seeks a declaratory judgment that it does not have to defend (and if the

defense is unsuccessful, to indemnify) Kyle in connection with a lawsuit that Alyssa has filed

against him in Boone County, under cause number 06D01-0708-CT-394 (the "Boone County

Lawsuit"). [Dkt. No. 1 ("Compl.") at ¶¶ 10, 20.] Alyssa has sued Kyle, her friend, claiming that

he negligently struck her with Scott and Sheri's (the "Herrings") Windstar, as she was walking along

a public road. [Dkt. No. 27-C ("Joint Stip.") at ¶¶ 3, 6, 9, 12.] At the time, Kyle was driving the

Windstar with the Herrings' permission. [*Id.* at ¶ 7.] And the Windstar was an insured vehicle

---

[1]  By agreement of the parties, this matter was referred to the magistrate judge for all
proceedings and for the entry of judgment. [Dkt. No. 17.]

under their automobile liability policy with Allstate, numbered '436 (the "Policy").  [*Id.* at ¶¶ 1, 3.]
Kyle did not live with the Herrings.  [*Id.* at ¶ 8.]  Alyssa did.  [*Id.* at ¶ 5.]  She is Sheri's daughter,
and Scott's stepdaughter.  [*Id.* at ¶ 11.]

This Court has jurisdiction to enter judgment under 28 U.S.C. § 1332; Allstate is a citizen
of Illinois, Defendants are citizens of Indiana, and the amount in controversy exceeds $75,000
exclusive of interest and costs.  [Dkt No. 2 ("Ans.") at ¶¶ 1, 3-6; Dkt. No. 33.]


**DISCUSSION**

I.     **The Applicable Standards**

A.     **Summary Judgment**

A motion for summary judgment asks the Court to decide that a trial is unnecessary because
it could only come out one way—in the moving party's favor.  Accordingly, before granting a
motion for summary judgment, the Court must find that there is no dispute over the material facts
and, based only upon those undisputed material facts, that the moving party is entitled to judgment
as a matter of law.  Fed. R. Civ. P. 56(c).  Because the proper interpretation of an insurance policy
is a question of law, it is "particularly appropriate for summary judgment."  *E.g. Wright v. Am.
States Ins. Co.*, 765 N.E.2d 690, 692 (Ind. Ct. App. 2002).  Nonetheless, in evaluating each
competing motion for summary judgment, the Court still must give the non-moving party the benefit
of all reasonable inferences from the evidence submitted and resolve "any doubt as to the existence
of a genuine issue for trial...against the moving party."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 330
n.2 (1986).

B.      **Interpreting Unambiguous Insurance Policies**

The parties, and ultimately the Court, all agree that the applicable provisions of the Policy are unambiguous as applied to this case.  [Dkt. No. 29 at 12; Dkt. No. 30 at 5.]  Accordingly, the Court's duties under Indiana law are well-settled.  The Court must "ascertain and enforce the parties' intent as manifested in the insurance contract."  *Great Lakes Chem. Corp. v. Int'l Surplus Lines Ins. Co.*, 638 N.E.2d 847, 850 (Ind. Ct. App. 1994) (citation omitted).  The Court must enforce unambiguous policy provisions as they are written, "even those terms that limit an insurer's liability."  *Weidman v. Erie Ins. Group*, 745 N.E.2d 292, 297 (Ind. Ct. App. 2001) (citation omitted).  An ambiguity only arises when an insurance policy uses language that "is susceptible to more than one reasonable interpretation."  *Colonial Penn Ins. Co. v. Guzorek*, 690 N.E.2d 664, 668 (Ind. 1997) (citation omitted).  When a policy specially and unambiguously defines a term, that definition will control; when no definition is provided, the plain and ordinary meaning of the term does.  *E.g. Hartford Acc. & Indem. Co. v. Dana Corp.*, 690 N.E.2d 285, 298 (Ind. Ct. App. 1997); *Harden v. Monroe Guar. Ins. Co.*, 626 N.E.2d 814, 817 (Ind. Ct. App. 1993).

II.     **The Nonapplicability of the Policy's Household Exclusion**

Because Kyle had permission to drive the Windstar at the time of the accident, Allstate agrees that Kyle has coverage under Policy "Part 1" for the Boone County Lawsuit, unless a coverage exclusion applies.  [Dkt. No. 29 at 6 & n.1.]  In the briefing for the cross-motions for summary judgment, it claims that only Policy Exclusion 8 (the "Household Exclusion") applies. [*Id.*] Thus, the Court must grant the Defendants' motion for summary judgment and deny Allstate's unless the Court finds that the Household Exclusion applies.  [*Id.*]  The Court finds that it does not

3

apply.

The Household Exclusion provides as follows:

> **Allstate** will not pay for any damages an **Insured person** is legally obligated to pay because of...**bodily injury** to any person related to an **Insured person** by blood, marriage, or adoption and residing in that person's household.

[Policy at 7-8.]

Allstate offers a superficially appealing argument for the applicability of the Household Exclusion:  Because the Herrings are the named insureds under the Policy, each is "an insured person" for all purposes, including for the Household Exclusion.  And because Alyssa lives with them and is related to each by blood or marriage, the Household Exclusion must therefore apply. [Dkt. No. 29 at 11-12.]

The Defendants, however, correctly note the problem with Allstate's argument:  It ignores the unambiguous definition of "**Insured person**" that the Policy actually provides.  [Dkt. No. 30 at 4-5.]  For the purposes of coverage under "Part 1," the relevant coverage grant for the Boone County Lawsuit, the Policy specifically defines "**Insured person**" to mean the following:

1.  While using **your insured auto**:
    a.    **you**;
    b.    any **resident**;
    c.    and any other person using it with **your** permission.

[Policy at 7.]  The "**you**" in that definition means "the policyholder named on the Policy Declarations," in other words, the Herrings as the named insureds.  [*Id.* at 3.]  But to be **"Insured person[s]"** for the purposes of coverage Part 1 and its Household Exclusion, the Herrings only qualify "[w]hile *using* [their] **insured auto**."  [*Id.* at 7 (emphasis added).]

Here,  Allstate does not claim (and has not presented any evidence) that the Herrings were

4

also "using" the Windstar when Kyle drove it and struck Alyssa with it.[2]   For example, Allstate does not claim that Scott or Shari was a passenger in it at the time of the accident.  Because neither was using the Windstar, neither can qualify as an "**Insured person**" under the definition that Allstate—no doubt carefully—selected for the Policy, *see Bosecker v. Westfield Ins. Co.*, 724 N.E.2d 241, 244 (Ind. 2000) ("Insurance policies are prepared in advance by insurance and legal experts, having in view primarily the safeguarding of the interests of the insurer against every possible contingency." (quotation omitted)).  Thus, Alyssa's relation to and residence with the Herrings is irrelevant for the purposes of the Household Exclusion.

While Allstate argues that *Transamerica Insurance Co. v. Henry*, 563 N.E.2d 1265 (Ind. 1990) and *Allstate Inurance Co. v. Euler*, No. 3:05-cv-783-RM, 2006 WL 3354715 (N.D. Ind. Nov. 16, 2006) are both "on point" in Allstate's favor, the Court disagrees.  [Dkt. No. 31 at 1.]  Those cases applied the household exclusion where the injured person was both (1) a named insured's resident relative and (2) a passenger in the vehicle driven by the non-resident, permissive user. *Henry*, 563 N.E.2d at 1266; *Euler*, 2006 WL 3354715, at *1.  Therefore, those decisions would have been "on point" had Alyssa been in the car—i.e. had she been "using" it as a passenger—when she was injured.  In that circumstance, one "**Insured person**" (Kyle, the permissive user) would have been suing another "**Insured person**" (Alyssa, a "**resident**," which is a person residing with a named insured [Policy at 3]).  That's not the situation here.  The parties agree that Alyssa was a pedestrian at the time.  [Joint Stip. ¶ 9.]  Thus, other than standing for the proposition that courts must enforce household exclusions when they apply (a proposition that

---

[2]  The Court notes that, at trial, Allstate would bear the burden of proving that the Household Exclusion applies.  *See Rozek v. Am. Family Mut. Ins. Co.*, 512 N.E.2d 232, 234 (Ind. Ct. App. 1987).

Defendants don't dispute [Dkt. No. 30 at 5]), those two cases are irrelevant to this one.[3]

If Allstate wanted the Policy to exclude coverage whenever the injured person was related to and lived with a named insured, it could have done so.  It didn't.  Instead, the Policy it drafted expressly and unambiguously excludes coverage for injuring a named insured's resident relative only when the named insured (or resident relative) is "using" the insured vehicle.  The Court cannot ignore the qualifying language that Allstate expressly wrote into the Policy.  *E.g.*, *Trisler v. Ind. Ins. Co.*, 575 N.E.2d 1021, 1023 (Ind. Ct. App. 1991) ("This court may not extend coverage delineated by the policy[,] nor may it rewrite the clear and unambiguous language of the policy...." (citation omitted)).  *See also Trunzo v. Allstate Ins. Co.*, No. CV-04-1789, 2006 U.S. Dist. LEXIS 68566, at *18 (W.D. Pa. Sep. 25, 2006) (interpreting a similar Allstate policy and noting that whenever Allstate bolds terms, it only intends the words "as terms of art").

Because the parties all agree that the Herrings and Alyssa were not using the Windstar at the time of the accident, Allstate cannot invoke the Household Exclusion to deny coverage that would otherwise exist.  Summary judgment in the Defendants' favor is thus required.

## CONCLUSION

For the foregoing reason's, Defendants' Motion for Summary Judgment [Dkt. No. 27] is GRANTED and Allstate's Cross-Motion for Summary Judgment [Dkt. No. 28] is DENIED.  Final judgment shall immediately issue by separate entry in favor of all the Defendants and against the

---

[3] The Court notes that *Euler* involved the same household exclusion language as that at issue here.  2006 WL 3354715, at *2.  There, the court reported, without comment, Allstate's position that because the injured passengers were the named insured's daughters, the exclusion applied.  *Id.* Had the daughters been pedestrians at the time of the accident, the unambiguous "**Insured person**" definition may well have compelled *Euler* to reach the same result that this Court does.

Plaintiff.

03/30/2009

Jane Magnus-Stinson
United States Magistrate Judge
Southern District of Indiana

**Distribution via ECF:**

Patrick Joseph Dietrick
COLLIGNON & DIETRICK
pdietrick@cdattorneys.com

Timothy Loren Karns
PARR RICHEY OBREMSKEY FRANDSEN & PATTERSON LLP-Lebanon
tkarns@parrlaw.com

Jaime E. Lopez
COLLIGNON & DIETRICK PC
jlopez@cdattorneys.com

Anthony W. Patterson
PARR RICHEY OBREMSKEY FRANDSEN & PATTERSON LLP-Lebanon
tpatterson@parrlaw.com